Catinella v. Cook County is our next case for argument. Mr. Pareca. Good morning, your honors. May it please the court, Anthony Pareca, on behalf of the appellant, Michael Catinella. This is an appeal from a ruling by the trial judge, which we argue in our brief abused the discretion in that the court applied the wrong standard that applicable to the summary judgment rather than the motion to dismiss, which was before the court. It is important to recall that the district court dismissal was under federal rule of civil procedure 12B6. In construing a complaint, the Seventh Circuit has to accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor. The motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead tests whether the claimant has properly stated a claim. Under federal rule 8, the plaintiff only needs to give enough details about the subject matter of the case to present, rather, a story that holds together. A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that the recovery is very remote and unlikely, as the U.S. Supreme Court stated. There is no probability requirement in a motion to dismiss setting. Specific facts are not necessary. The statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Counsel, we're very familiar with the standards. They've been around for a long time, so perhaps you could just try to articulate what the story of your case is, because the district court couldn't figure it out. And there's been two tries here. Right. The story of the case is, Judge, that Mr. Catanella was hired in 1994. He was promoted in 2009. He had no disciplinary actions up until his termination in 2013. And what happened here, in essence, is that the Cook County employees concocted a phony, false, pretentious story to get rid of an employee. They reached a conclusion first, and then they arranged the facts and false witnesses, including the four who filed a complaint for disorderly conduct, and then failed to show up at a trial because they did not want to commit perjury, and used that as a pretext to hire an employee whose only sin was that he was promoted, was given a car, was given a cell phone, and a group of employees who were under him were jealous of him getting a promotion, a car, and a cell phone, and access to overtime that they didn't have, and came up with a story that somehow he was going to go postal at work and commit some unspecified violent acts, which there was no support for at any point in his entire history. Okay. So we have a lot of allegations of workplace intrigue. Right. But what is the constitutional argument here, constitutional theory claim? What violation are you complaining about? There were violations of it. substantive due process claim, and there's no race-based or other class-based discrimination claim pleaded for purposes of an equal protection claim. So what constitutional violation do those allegations of workplace intrigue support? The constitutional violations which were alleged in the First Amendment complaint, document number 29, paragraph 8690-92, were those of Fifth and Fourteenth Amendments to the United States Constitution being violated, and a retailatory discharge under 1981. Right. In what way did all of this palace intrigue amount to a violation of those constitutional provisions? So the concept of shocking one's conscience, I think the court will admit, is a subjective one. And what is shocking here is that the county employees, including the Office of the Independent Inspector General, it appears, who was investigating a rig bidding scenario involving a fuel pump contract that involved a minority contractor, an African-American-owned company that alleged lost its contract for improper political reasons, investigated this. Mr. Catanella was brought in to the Office of the Inspector General for a meeting or an interview. He, with his attorney present, was given a set of documents to simply sign immediately, right then and there, without having the adequate time to review them, which he refused to do. Pardon me? His attorney was with him, wasn't he? Correct. But, Judge, a reasonable amount of time should be given to an attorney or a person. What does this have to do with the Constitution? I repeat my colleague's question. This might be interesting as a state law theory. How is it related to the Constitution of the United States? There isn't any clause in the Constitution about time to review documents. Mr. Catanella, Judge, was fired for allegedly a major cause infraction. Again, a subjective standard. He was not given adequate procedural safeguard. Can I just repeat what Judge Sykes said? The district court said that doesn't matter to the Constitution because there is no property interest in the job. A property interest means a legitimate claim of entitlement established by state law. That's the Supreme Court's definition. How was there a legitimate claim of entitlement established by state law? Because Mr. Catanella was a collective bargaining employee. He was in a supervisory position but was not an exempt employee. He was covered by the collective bargaining agreement. And the collective bargaining agreement, in addition to the Cook County policies and procedures, provided for certain procedural safeguards. Have you checked the Supreme Court of the United States on that question? We have, and the Supreme Court, has encountered before a claim that procedural safeguards required by contract or state law themselves create a property interest. And in Olam v. Wakanakona, the Supreme Court unanimously rejected that contention. The argument you're now making, which is also in your brief, is in the teeth of a unanimous Supreme Court opinion which you do not cite or attempt to distinguish. Okay. So, as I was saying, Mr. Catanella, Judge, had an interest that was violated. Retaliatory discharge was orchestrated. No. Come back to this question. Sure. Judge Sykes asked, and I have asked, how was there a property interest in the job? And the only answer you gave to me was the answer rejected by Olam. Is there any other way in which your client had a legitimate claim of entitlement to the job? Mr. Catanella was an at-will employee covered by the agreement. He had a right not to be treated in a disparate manner compared to his fellow employees. And that doesn't sound like a legitimate claim of entitlement. That sounds like something you argue to a labor arbitrator. This goes to the retaliatory discharge claim that was alleged in the First Amendment complaint, Judge, where you had another employee in a similar situation with a small pocket knife who was not charged with a major cause of violation. It's a pretty fundamental principle that federal law does not prohibit all incorrect, arbitrary, disrespectful employment decisions. Not federal statutes and certainly not the federal Constitution. I might understand your being in state court under state law. But the problem is you're having trouble articulating a federal theory as opposed to a general sense that something unfair happened. Well, the basic issue here, Judge, is that on a motion to dismiss, a well-established standard applies. And we argue in our brief the court abused discretion in applying an incorrect standard in reviewing the motion to dismiss. And should have given the plaintiff the ability to amend or supplement their complaint with additional facts if the court, as they did, found it necessary to do so. The problem is not facts. The problem is articulating how the claim is a real one. Right? And you get to do that in your appellate brief or on your feet here. But if you can't articulate a federal theory, what's left? Well, I believe, Judge, that the causes for relief are outlined in the First Amendment complaint under the Fifth, Fourteenth Amendments and under the Section 1981. Okay. Thank you very much, Counselor. Thank you, Judge. Good morning, Your Honors. Mr. Patterson. Chaka Patterson, on behalf of the defendants appellees, may it please the court. The court is absolutely correct. There is no constitutional violation. He feels much better about the whole thing now. Well, he certainly articulated some facts here this morning that have never been before in the complaints or in his brief to this court. But at the end of the day, this court is absolutely correct that there's no constitutional violation alleged, no constitutional violations pled. So I will, unless there are questions for me on that, I will move briefly. I will move briefly to the denial of another bite at the apple. As the court knows that that is reviewed on abuse of discretion standard. And the district court, for the reasons this panel has articulated, properly concluded that a third bite at the apple would not make the complaint better. Perhaps longer, but certainly not better. And as this court has said... Just for the sheer joy of it, you're not hard of hearing, are you? No, sir. Okay. What are you doing? I'll conclude. Thank you, Your Honor. Thank you, Mr. Patterson. The case is taken under advisement.